# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

v.

MARCUS LEWIS,

    *Defendant.*

Case No. 12-10180-EFM

## MEMORANDUM AND ORDER

Defendant Marcus Lewis is charged with one count of failing to register as a sex offender, as required by the Sex Offender Registration and Notification Act ("SORNA"),[1] when he relocated from Kansas to Missouri and then to Georgia. Lewis now moves the Court to dismiss the indictment under Rules 12(b)(2) and 18 of the Federal Rules of Criminal Procedure on the grounds that the District of Kansas is not the appropriate venue for prosecution. Because Lewis's alleged failure to register is a single, continuing offense that began in Kansas and was not completed until his arrest in Georgia, he may be prosecuted in the District of Kansas. The court therefore denies Lewis's motion to dismiss the indictment.

---

[1] *See* 42 U.S.C. §§ 16911 *et seq.* (containing the provisions of SORNA); 18 U.S.C. § 2250(a) (criminalizing SORNA's registration requirements).

# I. Factual and Procedural Background

The grand jury indicted Defendant Marcus Lewis of one count of failing to register as a sex offender as required by SORNA. Lewis was previously convicted of statutory rape in Jackson County, Missouri, for having sex with his underage girlfriend. As a result of his conviction, Lewis was required to register as a sex offender for the rest of his life. Lewis properly registered in Lyon County, Kansas, on May 18, 2011. He was required to update his registration in September 2011. Sometime in July or August 2011, Lewis left Kansas and stayed with his mother and friends in Missouri before then moving to Georgia. Lewis did not register in Missouri or Georgia.

Lewis's failure to register was brought to the attention of the authorities in August 2011 when a probation violation warrant—unrelated to this case—was issued against Lewis and he could not be found at his registered address. On August 8, 2012, the Government issued a complaint charging Lewis with a violation of 18 U.S.C. § 2250(a), which imposes criminal penalties for failing to comply with SORNA's registration requirements. On August 14, 2012, the grand jury returned the following indictment:

> Beginning sometime after August 5, 2011 and continuing until about July 25, 2012, *in the District of Kansas*, MARCUS SABATION LEWIS, the defendant, an individual required to register under the Sex Offender Registration and Notification Act, . . . , who traveled in interstate commerce, knowingly failed to register and update a registration by the Sex Offender Registration and Notification Act, in violation of Title 18 United States Code Section 2250(a).[2]

Lewis now moves to dismiss the indictment for improper venue under Rules 12(b)(2) and 18 of the Federal Rules of Criminal Procedure. Rule 18 protects a defendant's constitutional

---

[2] Indictment, Doc. 2 (emphasis added).

right to be tried in the district where his or her crime was committed.[3] Lewis argues that he did not commit any SORNA violations within the jurisdiction of the District of Kansas, and therefore cannot be tried in this Court for any such violation. The Government argues that Lewis's crime began in Kansas, permitting prosecution in this district pursuant to default venue provisions.

## II.　Analysis

Venue for criminal prosecutions was of specific concern to the Founders, who protested England's practice of "transporting [colonists] beyond Seas to be tried" in the Declaration of Independence.[4] It is unsurprising, therefore, that the Constitution guarantees a defendant's venue right.[5] When federal criminal statutes lack a specific designation of venue, as § 2250(a) does, 18 U.S.C. § 3237(a) provides the following default rule regarding venue: "[A]ny offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued or completed." To determine the *locus delicti* of a crime, courts must look to "'the nature of the crime alleged and the location of the act or acts constituting it.'"[6]

Turning, then, to the crime of failing to register as a sex offender, § 2250 requires that the Government prove one of two jurisdictional elements—that the defendant either (1) was convicted under federal law of an offense that renders the defendant a sex offender as defined in

---

[3] *See* U.S. Const. amend. VI (guaranteeing defendants the right to be tried "by an impartial jury of the State and district where the crime shall have been committed"); Fed. R. Crim. P. 18 ("Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed.").

[4] *See United States v. Cabrales*, 524 U.S. 1, 6 & n.1 (1998) (citing The Declaration of Independence, para. 21 (1776)).

[5] *See id.* (citing U.S. Const. Art. III, § 2, cl. 3; U.S. Const. amend. VI).

[6] *Cabrales*, 524 U.S. at 6–7 (quoting *United States v. Anderson*, 328 U.S. 699, 703 (1946)).

SORNA, or (2) traveled in interstate commerce.[7] Here, the indictment charges that Lewis traveled in interstate commerce. Therefore, the acts constituting Lewis's alleged crime include both his knowing failure to register as a sex offender and his interstate travel. In other words, the federal crime charged in the indictment is not simply Lewis's failure to register in Georgia, but his failure to register while traveling in interstate commerce.

The act of traveling in interstate commerce necessarily involves at least two states. Consequently, a crime that requires interstate travel is a continuing offense subject to the general venue provisions of § 3237. Turning specifically to § 2250(a), courts have held that the offense of failing to register under SORNA continues until the defendant either registers or is arrested.[8] Accordingly, Lewis's alleged SORNA violation began in Kansas, where he initiated his interstate travel by crossing the border into Missouri, and continued until he was arrested in Georgia. Given that § 3727(a) permits prosecution "in any district in which such offense was begun, continued or completed,"[9] venue in this case is proper in *either* Kansas, where Lewis's crime began, or Georgia, where the crime was completed upon Lewis's arrest.[10]

---

[7] 18 U.S.C. § 2250(a)(2).

[8] *See United States v. Pietrantonio*, 637 F.3d 865, 870 (8th Cir. 2011) ("Indeed, all of the courts that have recognized a 'continuing' SORNA violation have found that the violation continues until the defendant is arrested *or* registers.").

[9] 18 U.S.C. § 3237(a); *see also, e.g.*, *United States v. Hinckley*, 550 F.3d 926, 936 (10th Cir. 2008) ("An interpretation of the sex offender registration requirement that defines it in any way other than as a continuing offense would result in absurdity."), *abrogated on other grounds*, *Reynolds v. United States*, ___ U.S. ___, 132 S. Ct. 975 (2012); *United States v. Hinen*, 487 F. Supp. 2d 747, 759 (W.D. Va. 2007) ("A plain reading of the general venue statute suggests that failing to register under SORNA is a continuing offense since it involves an element of interstate or foreign travel. Accordingly, it would be proper to prosecute a violation of § 2250 in any district through which the defendant had moved."), *rev'd on other grounds*, *United States v. Hatcher*, 560 F.3d 222 (4th Cir. 2009).

[10] Depending on how long Lewis remained in other jurisdictions, including either the Western or Eastern District of Missouri, venue may be proper in those districts under § 3727 as places where Lewis continued his violation of § 2250. *See* 42 U.S.C. § 16913(b)(2), (c) (requiring registration "not later than 3 business days" after either being sentenced on a sex offense or changing residences).

To be clear, Lewis's failure to notify Kansas of his departure from the state is not the basis for finding proper venue in this district. Kansas is part of the *locus delicti* of Lewis's continuing offense because it was the starting point of Lewis's interstate travel. Whether Lewis committed a crime when he left Kansas without notifying state authorities is a matter of state law and does not necessarily implicate § 2250(a). As the Government conceded during oral arguments on this motion, Lewis would not have committed a *federal* crime if he left Kansas and promptly registered in Georgia without notifying Kansas of his departure,[11] although such action may violate Kansas state law.[12]

Lewis primarily relies on two cases to support his arguments. First, Lewis cites to an unpublished case, *United States v. Miller*, from the Southern District of Ohio where the court granted a motion to dismiss an indictment charging the defendant with violating § 2250(a).[13] The court in *Miller* held that interstate travel was not an element of the crime of failing to register, but a condition precedent. Going against the great weight of precedent,[14] the court held that § 2250 is not a continuing crime subject to the general venue provisions of § 3237(a).[15] But not only is *Miller* an unpublished decision from another jurisdiction that stands alone against dozens of opinions from other courts—it is also factually dissimilar from Lewis's case. In *Miller*, the defendant had merely passed through Ohio on his way from North Carolina to

---

[11] *See* 42 U.S.C. § 16913(c).

[12] *See* Kan. Stat. Ann. § 22-4905(g) (requiring in-person notification of any "change or termination of residence location").

[13] 2011 WL 711090 (S.D. Ohio Feb. 22, 2011).

[14] The only case cited in *Miller* to support that court's holding that § 2250 is not a continuing offense is an unpublished case from the Western District of Virginia. *See id.* at *6 (citing *United States v. Roberts*, 2007 WL 2155750 (W.D. Va. July 27, 2007)).

[15] *Id.* at *5–6.

Washington, D.C., staying in Ohio for less than a week.[16] *Miller* explicitly distinguishes its facts from cases that, like Lewis's, considered whether venue was proper in the state from which the defendant's interstate travel originated.[17] The Court therefore finds Lewis's reliance on *Miller* unpersuasive.

Lewis's second case cited for support is similarly distinguishable from his own circumstances. Lewis argues that the Tenth Circuit's decision in *United States v. Murphy*[18] supports his position that Kansas is not the proper venue for his prosecution. In *Murphy*, a divided panel of the Tenth Circuit held that a defendant who moved from Utah to Belize via California and Mexico could be prosecuted in Utah for violating § 2250(a). As Lewis notes, the court's opinion in *Murphy* is no model of clarity, but the majority ultimately held that SORNA created an obligation for the defendant to update his registration in Utah before leaving the state to reside in a jurisdiction outside of SORNA's reach.[19]

Although the Court agrees with the Government that the Tenth Circuit's ruling in *Murphy* weighs against Lewis's argument that Kansas is not a proper venue, the Court ultimately believes that *Murphy* is inapposite. The issue in *Murphy* was *whether* the defendant had violated

---

[16] *Id.* at *1.

[17] *Id.* at *6 (citing *Hinen*, 487 F.Supp.2d at 759; *United States v. Young*, 582 F.Supp.2d 846, 849 (W.D. Texas 2008)).

[18] 664 F.3d 798 (10th Cir. 2011).

[19] *Id.* at 804. As previously noted, the Court disagrees with the Tenth Circuit's reasoning in *Murphy* to the extent that it implies that SORNA requires a sex offender to notify his home state that he is leaving, so long as the offender registers in the state in which he takes up residence. An offender can certainly provide such notice to his home state, and some state laws require such notice of departure, but SORNA clearly states that an offender is only required to register in one jurisdiction. *See* 42 U.S.C. § 16913(c). Although seemingly contradictory to its holding, the Tenth Circuit appears to have recognized this fact, stating, "If Murphy had moved to another SORNA jurisdiction, he could have satisfied this obligation by registering in the new state before that deadline." *Murphy*, 664 F.3d at 804.

SORNA[20]; the issue before this Court is *where* the defendant allegedly violated SORNA. The Tenth Circuit focused its analysis on SORNA's registration requirements, rather than the general venue provisions of § 3727. Venue is directly addressed only in the dissenting opinion; contradicting Lewis's claim that he did not violate § 2250(a) in Kansas, the dissent wrote: "[T]he venue cases cited by the majority merely stand for the proposition that the crime of failing to update a registry *begins in the state from which the sex offender moves*."[21] Those venue cases are both numerous and, in this Court's opinion, far more persuasive than *Murphy*.[22]

One case from the Eighth Circuit is particularly instructive as to the proper resolution of Lewis's challenge. In *United States v. Pietrantonio*, the defendant initially registered in Minnesota where he was living as a homeless man due to strict residency restrictions.[23] After local police in Minnesota mistakenly told the defendant that he did not have to notify them if he left the state, the defendant moved with his daughter's family to Nevada where he was

---

[20] *See id.* at 799 ("In this appeal we must determine whether a sex offender violates SORNA by abandoning his residence and moving to a foreign country without notifying the authorities of the home state.").

[21] *See id.* at 807 (Lucero, J., dissenting) (emphasis added).

[22] *See, e.g.*, *United States v. Stewart*, 461 Fed. App'x 349, 351–52 (4th Cir. 2012) ("Because Stewart's offense began when he moved from the Western District of Virginia, thereafter failing to register in Kentucky, venue was proper in the Western District of Virginia."); *United States v. Leach*, 639 F.3d 769, 772 (7th Cir. 2011) (holding that Northern District of Indiana was a proper venue for prosecuting the defendant under § 2250 when the defendant had moved from Indiana to South Carolina without updating his SORNA registration); *United States v. Burns*, 418 Fed. App'x 209, 213 (4th Cir. 2011) (holding that the Western District of Virginia was a proper venue for trying a defendant for a violation of § 2250(a) when the defendant failed to register in California after relocating from Virginia); *United States v. Pietrantonio*, 637 F.3d 865, 871–72 (8th Cir. 2011) (holding that the District of Minnesota was the proper venue to prosecute one count of violating § 2250 in an implicit two-count indictment where the defendant had moved from Minnesota to Nevada, but that Minnesota was not the proper venue to try the second count, which was based on the defendant's failure to register when he moved from Nevada to Massachusetts); *United States v. Van Buren*, 599 F.3d 170, 175 (2d Cir. 2010) (holding that a defendant could be prosecuted in the Northern District of New York for violating § 2250 when the defendant moved from New York to North Carolina), *cert. denied*, ___ U.S. ___, 131 S. Ct. 483 (2010); *United States v. Howell*, 552 F.3d 709, 717–18 (8th Cir. 2009) (finding that the Northern District of Iowa was the proper venue for prosecution when the defendant had moved from Iowa to Texas without updating his registration), *cert. denied*, ___ U.S. ___, 129 S. Ct. 2812 (2009).

[23] 637 F.3d at 867.

immediately hospitalized. He registered as a sex offender with Nevada authorities ten days after arriving in the state, but allegedly falsely claimed on his registration that he had only been in the state for four days. Several months later, the defendant moved to Massachusetts without updating his Nevada registration or registering in Massachusetts.[24] The defendant was arrested in Massachusetts on a warrant issued by the state of Minnesota for the defendant's failure to update his Minnesota registration as required by state law. He was returned to the District of Minnesota, indicted on a single count of violating § 2250(a), and convicted by a jury in federal district court.[25]

The Eighth Circuit reversed the conviction for lack of venue.[26] The court found that, when the aforementioned facts were presented at trial, they rendered the single-count indictment inherently duplicitous. Noting that a SORNA violation ends when the defendant either registers or is arrest, the Eighth Circuit noted that the time period stated in the indictment covered two violations.[27] The first began in Minnesota and was completed upon the defendant's, albeit allegedly untimely, registration in Nevada, and the second began in Nevada and was completed upon the defendant's arrest in Massachusetts. The Eighth Circuit held, "While venue would have been proper for the first violation in either Minnesota or Nevada, Minnesota was not the proper venue for the second violation, because Minnesota had no connection to the offense regarding Pietrantonio's failure to update his SORNA registration when he allegedly moved

---

[24] *Id.* at 867–68.

[25] *Id.* at 868.

[26] *Id.* at 871–72.

[27] *Id.*

from Nevada to Massachusetts."[28] Because venue must be proper for every count in a case, the Eighth Circuit found that the case should have been dismissed.

Applying the Eight Circuit's analysis of Petrantonio's Minnesota-Nevada-Massachusetts travel to Lewis's Kansas-Missouri-Georgia journey, the evidence presently before the Court does not suggest that the Government's single-count indictment implicitly includes two SORNA violations because there is no indication that Lewis registered or was arrested in Missouri.[29] Therefore, Kansas was not cut out of Lewis's interstate journey in the way Petrantonio's Nevada registration severed Minnesota's connection to any subsequent travel. As such, the Court is left with a prosecution in Kansas for a single, continuous journey that Lewis initiated in Kansas and completed in Georgia. The Eighth Circuit held that Petrantonio's prosecution was properly venued in the District of Minnesota for the SORNA violation he committed when traveling from Minnesota to Nevada. Similarly, the District of Kansas is a proper venue for the prosecution of a SORNA violation that began in Kansas.

**IT IS ACCORDINGLY ORDERED** this 28th day of March, 2013, that Defendant Marcus Lewis's Motion to Dismiss (Doc. 13) is hereby **DENIED**.

**IT IS SO ORDERED**.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[28] *Id.* at 872.

[29] Should the parties discover any evidence to the contrary, the Court anticipates that the Government will take appropriate steps to prosecute this case in a more appropriate venue.